UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

AARON HOPE, III,

    Plaintiff,

    v.       CAUSE NO. 3:25-CV-399-TLS-JEM

ST. JOSEPH COUNTY JAIL,

    Defendant.

**OPINION AND ORDER**

Aaron Hope, III, a prisoner without a lawyer, filed a complaint against the St. Joseph County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On January 14, 2024, Hope was arrested and booked into the St. Joseph County Jail. Ex. 3, ECF 1 at 1–2. Two days later, on January 16, he received a $2,000 bond and asked to be released. *Id.* at 2. He used the jail's kiosk to inform the jail's booking staff and booking commander that he wanted to be released and money should be deducted from his account. *Id.* On January 17, Hope again asked to be released, but jail staff told him they did not have a request from him. *Id.* He then filled out a grievance and wrote to the booking staff and booking commander once again asking to be released. *Id.* at 2–3. On January 19, at about 9:30 p.m., he was released from the St. Joseph County Jail. *Id.* at 3.

While he was in the St. Joseph County Jail, Hope asserts someone broke into his apartment and stole his clothes, shoes, jewelry, and furniture. *Id*. He also states his car was impounded when he was booked into St. Joseph County Jail, and he could not get his car back until January 22, which caused him to miss a court date where a decision was made to place his children in foster care. *Id*. In sum, he asserts that if he had been released on January 16, when he initially submitted his release request, these events would not have occurred. *Id*. He seeks money damages totaling $144,000 for emotional and psychological stress. *Id*. at 4.

In this case, Hope is suing the St. Joseph County Jail. However, the jail is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Because the St. Joseph County Jail is not a suable entity, Hope may not proceed here.

Furthermore, to the extent Hope may have intended to assert a state law tort claim against St. Joseph County Jail, such a claim would implicate the Indiana Tort Claims Act (ITCA). Ind. Code § 34-13-3 *et seq*. The ITCA prohibits tort suits against government employees personally for conduct within the scope of their employment. *See* Ind. Code § 34-13-3-5(b); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 648 (7th Cir. 2016) ("[T]he Indiana Tort Claims Act confers on public employees a broad immunity from suit for acts committed within the scope of their employment."); *Ball v. City of Indianapolis*, 760 F.3d 636, 645 (7th Cir. 2014) ("Under the Indiana Tort Claims Act, there is no remedy against the individual employee so long as he was acting within the scope of his employment.").

This complaint does not state a claim for which relief can be granted. If Hope believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective

pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Aaron Hope, III, until **December 1, 2025**, to file an amended complaint; and

(2) CAUTIONS Aaron Hope, III, that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 3, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT